IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEMARCUS D. LATIN (#1800274), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-2717 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| WINNEBAGO COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $18.06 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk of Court to (1) send a copy of this order to the trust fund officer at the Stephenson County Jail; (2) file Plaintiff's complaint [1]; (3) issue summons for service of the complaint on Defendants C.O. Brian Johnson and Lt. Lukowski by the U.S. Marshal; (4) send Plaintiff two (2) blank USM-285 (Marshals service) forms, a magistrate judge consent form, filing instructions, and a copy of this order; and (5) terminate Winnebago County Jail and Lt. Egler as Defendants in this action from the docket. Plaintiff must complete and return USM-285 forms for service on Defendants C.O Brian Johnson and Lt. Lukowski. Failure to return the USM-285s by June 25, 2018, may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court appoints the U.S. Marshal to serve Defendants C.O. Brian Johnson and Lt. Lukowski. Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal later in this case.

### STATEMENT

Plaintiff Demarcus D. Latin, currently an inmate at the Stephenson County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983 in connection with an incident that occurred at the Winnebago County Jail on or about October 29, 2017. [1.] Plaintiff names the Winnebago County Jail, C.O. Brian Johnson, Lt. Lukowski, and Lt. Egler as Defendants in this action. Before the Court are Plaintiff's application for leave to proceed *in forma pauperis* [3], complaint for initial review [1], and motion for attorney representation [4].

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* [3] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2),

the Court orders: (1) Plaintiff immediately to pay (and the facility having custody of him automatically to remit) $18.06 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him automatically to remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

The Court next considers Plaintiff's complaint. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See *Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that on or about October 29, 2017, Plaintiff was in cell #11 in "maximum security" at the Winnebago County Jail. [1, at 4.] Plaintiff claims that he was "housed by Lt. Egler with a physically and mentally disabled inmate Shawn Weed." *Id.* On that date, Plaintiff was in his cell looking out the window. *Id.* He claims that inmate Weed "was out by himself because he was not suppose[d] to be out with other inmates[.]" *Id.* Plaintiff alleges that inmate Weed walked to Plaintiff's door and spit through the crack in the door and "a drop of spit got [on] his face." *Id.* Plaintiff alleges that he told Officer B. Johnson that inmate Weed spit on him and Officer Johnson told inmate Weed not to do it again or he would not let him read the newspaper. *Id.* Plaintiff states that he was "angry" that inmate Weed was not punished for spitting on him. *Id.* Plaintiff alleges that he got involved in a "verbal disagreement" with Officer Johnson and told Officer Johnson that if Officer Johnson let him out of his cell, he would fight inmate Weed. *Id.* at 5. Officer Johnson left the deck to do his rounds, and he eventually returned with Lt. Lukoski. *Id.* When he returned, Officer Johnson opened the chuckhole to Plaintiff's cell and asked Plaintiff to "cuff up." *Id.* Plaintiff alleges that he did not argue or say

2

anything and complied with the instruction. *Id.* Plaintiff exited his cell and Officer Johnson held Plaintiff by the arm, walking him toward the door. *Id.* Plaintiff alleges that he asked Officer Johnson if he was sending him to segregation and asked Officer Johnson how he would like it if someone spit in his face. *Id.* Officer Johnson did not respond and the two kept walking. *Id.* As soon as they entered the sally port, Officer Johnson grabbed Plaintiff's arm with one hand and Plaintiff's hair with the other hand and "rammed" Plaintiff's head into the wall. *Id.* Officer Johnson then "kneed Plaintiff in the eye." *Id.* Plaintiff alleges that Officer Johnson then dragged Plaintiff to segregation by his hair. *Id.* While all of this was happening, Lt. Lukowski told Officer Johnson not to ruin his reputation on Plaintiff and not to pull Plaintiff's hair. *Id.* After Plaintiff was placed in segregation, he was moved to a "camera cell to be placed on head awareness because of [his] injuries." *Id.* at 6. Plaintiff alleges that he was seen by the nurse a few times and given Tylenol. *Id.* After three days, Plaintiff was placed back in "max" on the same "deck" as inmate Weed where he remained until around December 21, 2017. *Id.*

Plaintiff names Winnebago County Jail, C.O. Brian Johnson, Lt. Lukowski, and Lt. Egler as Defendants in this action. *Id.* at 1.

Accepting Plaintiff's factual allegations as true, the Court finds that the complaint arguably states federal claims. Plaintiff's allegations that Officers Johnson grabbed Plaintiff's arm and hair, "rammed" his head into the wall, kneed him the eye, and then dragged him by his hair to segregation (for no apparent reason) sufficiently states a claim for unlawful use of force against Defendant Johnson. See *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015) (explaining that force used against detainee may not be "objectively unreasonable"). Additionally, while it is not entirely clear the role that Lt. Lukowski played in the complained-of incident, he appears to have been present during the physical encounter between Plaintiff and Officer Johnson (and took no action to intervene—except to tell Officer Johnson, at some point, not to ruin to his reputation and not to pull Plaintiff's hair). As such, these allegations are sufficient to state a failure to intervene claim against Lt. Lukowski. See *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right[s]" may be liable under a theory of failure to intervene). Consequently, Defendants Officer Johnson and Lt. Lukowski must respond to Plaintiff's complaint. Nothing in this order, which is based on review of the complaint without benefit of the adversarial process, precludes any legal argument that Defendants may advance in response to Plaintiff's allegations.

All remaining claims and Defendants are dismissed.

The beginning portion of Plaintiff's pleading complains about being housed with inmate (inmate Weed). Plaintiff complains that inmate Weed is mentally and physically disabled and was permitted to freely move around on the day of the incident. Plaintiff also complains that some point, inmate Weed approached Plaintiff's cell and spit through the crack in Plaintiff's door. Plaintiff complains that a "drop of spit got on [his] face." To the extent that Plaintiff is attempting to raise any claim(s) based on these allegations, he has failed to do so.

As a general principle, inmates have no right to request placement in a particular part of a jail. *DeTomas v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)); *Sanchez v. Godinez*, No. 14 C 275, 2014 WL 109435, at *3 (S.D. Ill. Mar. 20, 2014). So, the fact that Plaintiff was housed in a specific area and/or with an inmate who suffered from a mental or physical illness is not, by itself, a constitutional violation. Any such claim that Plaintiff is attempting to raise based on his placement alone therefore fails to state a claim.

Likewise, "[j]ail officials have a duty to protect inmates from violent assaults by other inmates." *Rice ex rel. Rice v. Corr. Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1988)); see also *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). But a constitutional violation does not occur "every time an inmate gets attacked by another inmate." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Jails, "after all, are dangerous places[.]" *Id.*

Rather, liability for a breach of the duty to protect exists only "when the[ officers] were 'aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger.'" *Rice*, 675 F.3d at 669 (quoting *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007)); *Gevas v. McLaughlin*, 798 F.3d 475, 480-81 (7th Cir. 2015). This element of a failure-to-protect claim is a subjective one and the officer must have had "actual, and not merely constructive, knowledge of the risk; * * * specifically, he 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Gevas*, 798 F.3d at 480 (quoting *Farmer*, 511 U.S. at 837). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Neither negligence, nor even gross negligence, suffices to establish a constitutional violation. *Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006).

Plaintiff's allegations—which describe a sudden, unforeseen incident that resulted in a "drop of spit" hitting Plaintiff in the face—do not indicate that any jail official was aware of a substantial risk of harm to Plaintiff. At most, jail officials may have been negligent in allowing inmate Weed, who Plaintiff describes as having mental and physical disabilities, to move about on his own in close proximity to other inmates. But, as noted above, negligence is not enough to establish deliberate indifference. Accordingly, Plaintiff's allegations are insufficient to state a failure to protect claim, and any such claim therefore is dismissed. Lt. Egler, who appears to be named in the complaint only in connection with this claim, is dismissed as Defendant in this action.

Additionally, the Court dismisses Winnebago County Jail as Defendant in this action, as it is not a suable entity. See *Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993).

The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendants C.O Brian Johnson and Lt. Lukowski. The Court directs the Clerk to mail Plaintiff two (2) blank USM-285 (Marshals service) forms. The Court advises Plaintiff that a completed

USM-285 form is required for service on each Defendant. The Marshal will not attempt to serve Defendants unless and until the required forms are received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety.

The Court appoints the U.S. Marshals Service to serve Defendants C.O. Brian Johnson and Lt. Lukowski. The Court directs the Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of the Winnebago County Jail who can no longer be found at the work address provided by Plaintiff, jail officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendants. The Court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Finally, Plaintiff's motion for attorney representation [4] is denied. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). The Court declines to do so at this time because Plaintiff's motion does not show what effort he made to retain counsel on his own. [4, at 1.] The motion could be denied on this basis alone. See *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc); *Russell v. Bukowski*, 608 F.App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself."). The Court also is unable to determine at this early stage of the litigation whether Plaintiff is capable of proceeding effectively without counsel. Accordingly, Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal later in this case.

Dated: May 24, 2018

_____
Robert M. Dow, Jr.
United States District Judge

5